IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVELERS EXCESS AND SURPLUS LINES COMPANY, as Subrogee of Tribridge Residential, LLC, <br><br> and <br><br> TRAVELERS PERSONAL SECURITY INSURANCE COMPANY, as Subrogee of Vera McEvoy, <br><br> Plaintiffs, <br><br> vs. <br><br> S & A ELECTRICAL LLC, <br><br> Defendant. | Civil Action No.:_____ |

# COMPLAINT

Plaintiffs, Travelers Excess and Surplus Lines Company, as subrogee of Tribridge Residential, LLC and Travelers Personal Security Insurance Company, as subrogee of Vera McEvoy, by and through their counsel, file this Complaint and Demand for Jury Trial against Defendant S & A Electrical LLC and alleges the following:

## THE PARTIES

1. Travelers Excess and Surplus Lines Company, as subrogee of Tribridge Residential, LLC ("Travelers Excess") is a corporation duly organized under the laws of the State of Connecticut, having its principal place of business at One Tower Square, Hartford, Connecticut. Travelers Excess is in the business of writing property and casualty insurance coverage and is duly licensed and authorized to do business in the State of Tennessee.

1

2.      Plaintiff Travelers Excess' subrogor, Tribridge Residential, LLC (hereinafter referred to as "Tribridge") is a limited liability company organized and existing under the laws of the State of Georgia, engaged in the ownership and management of residential apartment properties.  At all relevant times, Tribridge was authorized to conduct business in Tennessee.

3.      At all times relevant hereto, Travelers Excess provided property insurance coverage to Tribridge against claims arising from certain perils and damages and under which said insurance policy was in full force and effect.

4.      Co-Plaintiff Travelers Personal Security Insurance Company, as subrogee of Vera McEvoy ("Travelers Personal") is a corporation duly organized under the laws of the State of Connecticut, having its principal place of business at One Tower Square, Hartford, Connecticut. Travelers Personal is in the business of writing property and casualty insurance coverage and is duly licensed and authorized to do business in the State of Tennessee.

5.      Plaintiff Travelers Personal's subrogor, Vera McEvoy (hereinafter referred to as "McEvoy") is a Tennessee citizen and resident who at all relevant times resided as a tenant in the Apartment Building referenced herein.

6.      At all times relevant hereto, Travelers Personal provided property insurance coverage to McEvoy against claims arising from certain perils and damages and under which said insurance policy was in full force and effect.

7.      Travelers Excess and Travelers Personal are hereinafter collectively referred to as "Travelers".

8.      Defendant S & A Electrical LLC ("S & A Electrical") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 1475 Sandy Valley Road, Hendersonville, Tennessee 37075-8794.  At all relevant times herein,

S & A Electrical was engaged in the business of, among other things, the electrical contracting business. S & A Electrical may be served with process by serving its registered agent at: S & A Electrical LLC, 51 Industrial Park Drive, Hendersonville, Tennessee 37075-2824.

## JURISDICTION AND VENUE

9. Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events and/or omissions giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about November 2, 2016, GTOM Belcourt, LLC entered into a contract with W. G. Yates & Sons Construction Company ("Yates") wherein Yates agreed to, among other things, serve as the general contractor and build an apartment building at 1710 Belcourt Avenue, Nashville, Tennessee 37212 ("the Apartment Building").

12. Yates retained defendant S & A Electrical to serve as its electrical subcontractor on the construction of the Apartment Building.

13. The construction of the Apartment Building by Yates and its subcontractors was substantially completed on April 30, 2019.

14. In and around November 2020, Tribridge bought the Apartment Building from GTOM Belcourt, LLC., and thereafter owned and operated the Apartment Building.

15. On October 18, 2021, a fire occurred in the ceiling of the club room for the Apartment Building; the fire spread to cause significant damages to Plaintiffs' real and personal property and business interests.

16. The fire occurred because S & A Electrical's work in installing electrical wiring in and throughout the ceiling of the club room was defective and deficient.

17. As a direct and proximate result of the fire and associated damages to the building, personal property and business interests, Tribridge sustained losses in an amount in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00).

18. As a direct and proximate result of the fire and associated damages to her personal property, Ms. McEvoy sustained losses in an amount in excess of Forty Thousand Dollars ($40,000.00).

19. As a direct and proximate result of the fire and resulting damage to Tribridge's real and personal property and business interests, Travelers Excess paid Tribridge an amount in excess of $1,500,000.00 pursuant to policy provisions.

20. As a direct and proximate result of the fire and resulting damage to Ms. McEvoy's personal property, Travelers Personal paid Ms. McEvoy an amount in excess of $40,000.00 pursuant to policy provisions.

21. As a result of their payments, plaintiffs Travelers are subrogated to the rights of Tribridge and Ms. McEvoy to recover damages from third persons to the extent of their payments to Tribridge and Ms. McEvoy.

22. The acts and omissions of defendant, and its employees, servants, agents and/or subcontractors, directly and proximately caused the damages which plaintiffs have suffered. Accordingly, defendant is liable to plaintiffs for the previously described damages.

## COUNT I – NEGLIGENCE

23. Plaintiffs hereby incorporate and reallege by reference paragraphs 1 through 22 as if fully stated herein.

24. Defendant S & A Electrical had a duty to exercise reasonable care in its electrical contracting work.

25. Defendant S & A Electrical had a non-delegable duty to ensure that the installation of the electrical wiring for the building was performed with reasonable care and in a good and workmanlike manner.

26. As a direct and proximate result of defendant S & A Electrical's negligence, carelessness, and negligent omissions, plaintiffs suffered damage to their real and personal property and business interests. The defendant's negligence, carelessness, and negligent omissions consisted, *inter alia*, of:

   a. failing to use reasonable care to ensure that the installation of the electrical wiring was properly performed in a good and workmanlike manner;

   b. failing to use reasonable care in the supervision of the installation of the electrical wiring;

   c. failing to properly inspect, test, and/or repair the electrical wiring;

   d. failing to ensure that the building would be safe from an unreasonable risk of damage due to the fire;

   e. failing to act as a reasonably prudent electrical contractor;

   f. failing to warn of the defective nature of the electrical wiring;

   g. negligence per se; and

   h. otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

27. As a direct and proximate result of defendant S & A Electrical's negligence as aforesaid, plaintiffs suffered damages as described herein.

WHEREFORE, plaintiffs demand judgment against defendant, S & A Electrical in an amount in excess of $1,500,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE PER SE

28. Plaintiffs hereby incorporate and re-allege by reference paragraphs 1 through 22 as if fully stated herein.

29. At all relevant times, Defendant S&A Electrical's work was regulated by the State of Tennessee, Nashville and Davidson Counties, Tennessee, through the adoption and enforcement of the 2011 National Electric Code ("NEC").

30. The 2011 NEC was enacted to protect a class of persons which includes Tribridge and Ms. McEvoy.

31. The 2011 NEC is a public safety statute which thereby creates independent duties owed to the general public including Tribridge and Ms. McEvoy.

32. Defendant violated the National Electric Code by, *inter alia*, improperly installing the electrical wires/cables in and around the club room ceiling. Defendant failed to meet the requirements of the 2011 National Electric Code, Section 300.4(A)(1), Section 300.4 (D), Section 334.30, Section 300.4, Section 725.136 (I) and Section 334.15(B). Consequently, defendant's negligence constitutes negligence *per se*.

33. As a direct and proximate result of the defendant's negligence *per se*, plaintiffs have suffered the previously described damages.

WHEREFORE, plaintiffs demand judgment against defendant, S & A Electrical in an amount in excess of $1,500,000.00 according to proof, together with prejudgment interest, as allowed by law, the costs of this action, and such other relief as this Court deems just and proper.

This 15th day of September, 2022.

                                              */s/ George E. Copple*
                                              George E. Copple, BPR #006411
                                              5115 Maryland Way
                                              Brentwood, TN 37027
                                              615-254-9100
                                              gcopple@copplelaw.biz
                                              *Attorney for Plaintiffs*